## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **KATHLEEN AMIOTT** | : | Case No.: 1:20-cv-2922 |
| 6933 Liberty Fairfield Rd. | : | |
| Hamilton OH, 45011 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **NSK AMERICAS INC.** | : | **PLAINTIFF'S COMPLAINT** |
| 1112 E. Kitchel Rd. | : | **WITH JURY DEMAND** |
| Liberty, IN  47353 | : | **ENDORSED HEREON**_____ |
| | : | |
| **c/o: NSK AMERICAS INC.** | : | |
| 4200 Goss Rd. | : | |
| Ann Arbor MI, 48105 | : | |
| | : | |
| Defendant. | : | |

### PARTIES

1.      Plaintiff Kathleen Amiott is an individual citizen of the State of Ohio

2.      Defendant NSK Americas Inc. is a Michigan Corporation. Defendant conducts

business in the Southern District of Indiana through its Liberty Indiana plant located at 1112 E.

Kitchel Rd. Liberty, IN  47353. Defendant is an employer within the meaning of State and

Federal Law.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331 because it

arises under the laws of the United States. Plaintiff's Counts I and II arise under Title VII of the

Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §2000e *et seq.* and Counts III & IV arises under

the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 *et seq.*

4.      Venue is proper in this Division and District pursuant to 28 U.S.C. §1391 because Plaintiff was employed in this Division and District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this Division and District.

5.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which issued her a Notice of Right to Sue on August 11, 2020.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a female, born in 1958.

7.      Plaintiff began work in Defendant's Liberty plant in February 2011, as a Metallurgical Engineer.

8.      At all relevant times Plaintiff was a loyal and dedicated employee of NSK Americas and was fully qualified to perform her job.

9.      In each of the last three years of her employment, Plaintiff received merit-based raises.

10.     The scope of Plaintiff's duties varied over the years. For several years between 2012 and 2015, Plaintiff performed the job of Met lab manager. After this, she also worked as the Metallurgical Engineer and Program Manager.

11.     In the months leading up to Plaintiff's termination she had numerous tasks assigned to her, with no shortage of work during the day, and even was frequently called during off shifts, including the middle of the night, for consultation on various issues.

12.     While employed by Defendant, Plaintiff received harassing text messages which she reported to her manager.

13.     Plaintiff and other females at the Liberty facility were subjected to substantial harassment and unwelcome practical jokes over the years.

14.     Assistant Quality Manager Jason Isaacs repeatedly publicly criticized Plaintiff (in a loud bullying tone) about issues that should have been professionally/privately addressed in a readily available closed room. Despite asking her manager to intervene, the behavior escalated. On or about the August 10, 2019, Isaacs loudly and publicly berated her in front of the lab team and engineering peers.  This behavior undermined her credibility in the lab, and with other engineers, and compromised Plaintiff's ability to do her job.

15.     On or about the August 12, 2019, Plaintiff complained about this behavior to her Manager, Ella Casper. Specifically, Plaintiff said that she had a right to a safe working environment. Ms. Casper replied that she did not think she could guarantee this.

16.     Within days of this meeting, Plaintiff engaged in legally protected activity and escalated matters to Human Resources, meeting with Kris Wolski, to discuss the harassment, as well as a number of other issues she had experienced over the years.

17.     After this meeting, Plaintiff's supervisor retaliated by closely scrutinizing how Plaintiff spent her time.

18.     On October 30, 2019, Plaintiff was abruptly fired from her employment.

19.     Since Ms. Casper became Manager of the Liberty Quality Department, all but one of her Liberty reports over the age of 55 either left the company or was reassigned a different position (not sought out or applied for).  At least three that left did so due to issues within the department.

20.     Three of the most senior engineers at the Liberty and Franklin facilities were reassigned to special positions in a relatively short period of time.

21.     Upon information and belief, after she was fired, Plaintiff's responsibilities were assumed by a younger male Liberty employee, not a new hire at Franklin as Ms. Casper advised Plaintiff on the date Plaintiff was terminated.

22.     Upon information and belief, Defendant engages in a pattern and practice of gender and age discrimination.

## COUNT I

### (Sex Discrimination – Title VII)

23.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24.     Plaintiff is female and was fully qualified for her position with Defendant at all relevant times.

25.     Defendant discriminated against Plaintiff on account of her sex by including, but not limited to, treating her less favorably then similarly situated male employees; by subjecting her to a sexist work environment; by terminating her employment because of her gender, and by replacing her with a male employee.

26.     Defendant's actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

27.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages and is entitled to recovery pursuant to Title VII.

## COUNT II

### (Retaliation – Title VII)

28.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29.     Plaintiff engaged in protected activity by complaining to Human Resources and her supervisor about sex-based harassment and discrimination.

30.     Defendant terminated Plaintiff's employment because she engaged in activity protected by Title VII.

31.     Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

32.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages and is entitled to recovery pursuant to Title VII.

**COUNT III**

**(Age Discrimination – ADEA)**

33.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein. Plaintiff was 61 years old at the time of her termination.

34.     Plaintiff was fully qualified for her position with Defendant at all relevant times.

35.     Defendant unlawfully discriminated against Plaintiff on the basis of her age in violation of the ADEA by treating her less favorably than younger employees, by discharging her on the basis of age and by replacing her with a substantially younger employee.

36.     Upon information and belief, Defendant engages in a pattern and practice of age discrimination.

37.     Defendants actions were willful, wanton, malicious, and in reckless disregard of Plaintiff's right.

38.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages and is entitled to recovery pursuant to the ADEA.

**COUNT IV**

**(Retaliation – ADEA)**

39.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

40.     Plaintiff engaged in protected activity by complaining to Human Resources and her supervisor about age-based harassment and discrimination.

41.     Defendant terminated Plaintiff's employment because she engaged in activity protected by ADEA.

42.     Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights.

43.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages and is entitled to recovery pursuant to ADEA.

**WHEREFORE**, Plaintiff demands judgement against Defendant as follows:

a)     That Defendant be enjoined from further unlawful conduct as described herein;

b)     That Plaintiff be reinstated to her employment effective October 30, 2019;

c)     That Plaintiff be awarded all lost earnings and benefits;

d)     That Plaintiff be awarded compensatory damages, including emotional distress;

e)     That Plaintiff be awarded liquidated damages;

f)     That Plaintiff be awarded punitive damages

g)     That Plaintiff be awarded front pay

h)     That Plaintiff be awarded prejudgment interest

i)     That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than her compensation over several, separate tax years;

j)     That Plaintiff be awarded reasonable attorney's fees and costs; and

k)     That Plaintiff be awarded all other legal and equitable relief to which she may be entitled.

Respectfully Submitted,


*/s/ Austin H. LiPuma*
Austin H. LiPuma  (IN Bar No. 34339-89)
George M. Reul, Jr. Seeking *Pro Hac Vice*
Admission (OH Bar No. 0069992)
Trial Attorneys for Plaintiff
Freking, Myers, & Reul, LLC
600 Vine Street, Sixth Floor
Cincinnati, Ohio  45202
Phone:  (513) 721-1975
Fax:  (513) 651-2570
*alipuma@fmr.law*
*greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


*/s/ Austin H. LiPuma*